DOWD, J.                           S:\2006\WordPerfect Docs\Hakim Ali. Sent. Memo.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.  5:06 CR 162 |
| Plaintiff, | ) | |
| v. | ) | <u>MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a)</u> |
| Hakim Malik Ali, | ) | |
| Defendant. | ) | |

<u>I. Introduction</u>

The Court conducted the sentencing hearing of the defendant Hakim Ali.  The Court determined that the defendant's total offense level was 29 with a criminal history category of II calling for a sentencing range under the advisory sentencing guidelines of 97 to 121 months.  At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 97 months with supervised release for a period of five years.

<u>II.  The Analysis Required by 18 U.S.C. § 3553(a)</u>

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(5:06 CR 162)

> In July 2003, various law enforcement agencies began to initiate an investigation into the drug dealing activities of the Ronald Dede Drug Trafficking Organization (DTO), after receiving information that Dede was a Los Angeles based supplier of cocaine distributing cocaine in Stark County, Ohio.
>
> Authorization for Title III telephone taps was granted on numerous telephones and, during the course of the telephone taps, a number of drug related telephone calls between Hakim Ali and, the supplier, Ronald Dede were intercepted. Based on the intercepted conversations and proffers of co-conspirators, it was determined that the entry referred to the defendant receiving 24 kilograms from the previous shipments. On March 9, 2006, search warrants and arrests were made when agents determined that a new shipment of cocaine had arrived and the monies owed from the last shipment collected.

The defendant is 46 years old. He has some college education. His only marriage ended in divorce and he has one child by that marriage. He has also fathered four children pursuant to relationships with three different women. He indicates that he has eight grandchildren. Initially, he was known by the last name of Carthon. He legally changed his name in Hakim Ali due to cultural and religious reasons and he actively practices Islam. He considers himself addicted to marijuana which he uses on a daily basis. He has an extensive employment background. He enjoys a number of assets which are subject to forfeiture in this case.

The defendant's acceptance of responsibility is set forth in paragraph 23 of the presentence report as follows:

> *"During the period charged I received kilogram of cocaine from Ronald Dede and I distributed it to several individuals in the Canton area. I never intended to deal with the quantities I dealt with, it jut got out of control. I accept full responsibility for my actions and I'm very sorry for my involvement"* [sic]

**(2)  The Need for the Sentence Imposed**

2

(5:06 CR 162)

### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

The defendant played a major role in interstate trafficking of cocaine.  His success in that endeavor is highlighted by the fact that a search of his residence resulted in the seizure of approximately $75,000.00 in cash and multiple firearms.  Although a number of persons, including family members, have vouched for the good character of the defendant, it is apparent that he was committed to trafficking in cocaine without regard to the impact on society, apparently out of greed, as he has no difficulties maintaining employment.  As a consequence, a substantial sentence is required to reflect the seriousness of the criminal conduct and to promote respect for the law.  The Court finds that a sentence of 97 months satisfies those requirements.

### (B) to afford adequate deterrence to criminal conduct;

The conspiracy that led to the defendant's indictment involved interstate trafficking of cocaine on a major scale as reflected by the fact that the government seized 52 kilograms of cocaine and nearly one million dollars in currency when the lengthy investigation, including wiretaps, led to the arrest of numerous defendants, including this defendant.  A lengthy sentence, under these circumstances, is necessary to afford adequate deterrence to criminal conduct of the nature with which the defendant has pled guilty to persons in the greater Canton, Ohio area who are aware of the plight of this defendant.  The Court notes that it has been the recipient of numerous letters on behalf of the defendant by persons in the Canton community which seem to suggest that the scope of the defendant's conduct is either unknown or the persons writing the letters are indifferent to the scope of the defendant's conduct.  Possibly a sentence of 97 months

(5:06 CR 162)

will afford adequate deterrence for the type of criminal conduct which this 46 year old man decided was a proper endeavor in spite of the risks involved to not only himself but to members of his family looking to him for support.

### (C)  to protect the public from further crimes of the defendant;

The defendant will be nearing his mid 50's by the time of his release from confinement. Presumably, by that time, the defendant who has marketable employment skills, will conclude that further criminal conduct is not worth the risk after having served a sentence of 97 months.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant reports, as indicated in paragraph 54 of the presentence report, that he considers himself addicted to marijuana and indicates that he used this substance on a daily basis.  Based on that representation, the Court will recommend that the defendant be given the opportunity to participate in a drug treatment program prior to his release.  The defendant already enjoys employment skills, but possibly during his incarceration he can commit to working in Prison Industries and increase his employment opportunities upon release from incarceration.

### III.  Consideration of the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6)

The indictment in this case names the following defendants:

(5:06 CR 162)

1. Ronald Dede
2. Craig Dawson
3. Oswaldo Sanchez
4. Hakim Malek Ali
5. Letricia Epps
6. Ronald Lucas
7. Rodney Petties
8. Charles Petties
9. Walter Dennis, Jr.
10. David Mayberry
11. Portia Dennis

At this point in the sentencing process, the Court has sentenced the following defendants to the following terms of imprisonment after finding, with respect to each defendant, the offense level and the criminal history:

1. Craig Dawson - Offense level 34 with a criminal history category of I calling for a sentencing range of 151 months to 188 months with an imposed sentence of 151 months imprisonment with five years supervised release.

2. Letricia Epps - Offense level 31 with a criminal history category of III calling for a sentencing range of 135 to 168 months with an imposed sentence of 135 months imprisonment with five years supervised release.

3. Ronald Petties - Offense level 31 with a criminal history category of I calling for a sentencing range of 120 to 135 months with an imposed sentence of 124 months imprisonment with five years supervised release.

4. Charles Petties - Offense level 23 with a criminal history category of II calling for a sentencing range of 51 to 63 months with an imposed sentence of 63 months imprisonment with four years supervised release.

5. David Mayberry - Offense level 26 with a criminal history category of I calling for a sentencing range of 63 to 78 months with an imposed sentence of 70 months imprisonment with four years supervised release.

6. Ronald Lucas - Offense level 27 with a criminal history category of I calling for a sentencing range of 70 to 87 months with an imposed sentence of 84 months imprisonment with five years supervised release.

(5:06 CR 162)

The following defendants have not been sentenced:

1.  Ronald Dede

2.  Oswaldo Sanchez (Fugitive)

3.  Walter Dennis, Jr.

4.  Portia Dennis

## IV.  Conclusion

For the reasons set forth herein, a sentence of 97 months with supervised release for five years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2) and (4).

IT IS SO ORDERED.

| | |
|---|---|
| December 5, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |